ERIC F. CALLAHAN, RESPONDENT, v. WILLIAM L. SIE-
BERT ET AL., APPELLANTS.

Submitted July 5, 1920—Decided October 15, 1920.

On appeal from the Supreme Court, in which court the fol-
lowing *per curiam* was filed:

"The suit was to recover back $200 paid on account of the
purchase of real property, pursuant to conditions of the con-
tract which read as follows:

" 'A further condition of this agreement being that the
vendee is to negotiate either the reinstatement of the loan of
five thousand dollars in full in his own name from the present
building and loan association, at his own expense, or to
negotiate from some other association a mortgage of said
amount under like condition and whatever payments the
vendor may have made on account of the present mortgage
are to revert back to him.

" 'It is further mutually agreed between the parties hereto
that *unless the loan can be arranged* and settlement made in
accordance to conditions recited herein, that this agreement
shall be considered null and void safe harmless to either
party and that the vendor shall return to the vendee the
deposit he has received on account of this agreement.'

"There was a further provision that time is of the essence
of the contract. Title was to close on February 27th, 1919;
the contract is dated January 18th.

"It is undisputed that plaintiff made prompt application
to 'the present building and loan association' for a loan of
$5,000, and that association held the matter until about
February 24th, when plaintiff learned the loan had been
'granted' on condition that he spend $200 in repainting the
building. This he was unwilling to do, and considered the
sale as off. He made no application to any other association.

The court below took his view of the matter and awarded him a judgment for the money paid on account.

"It is now urged here, as it was below, that plaintiff should have applied to one or more additional associations so as to have several irons in the fire; but the contract gave him the option of renewing in the original association or going elsewhere; he was not required to do both. It is further claimed that the loan was granted in the sense intended by the contract; but we think otherwise. It was granted on a property $200 better than that offered, or, to put it in another way, granted with a restriction as to the use of $200 of the proceeds that was inconsistent with the contractural scheme. Failing the loan, the contract expressly provided that plaintiff should have his money back, and it was rightfully awarded to him. The judgment will be affirmed."

For the respondent, *Theodore McC. Marsh.*

For the appellant, *Otto A. Stiefel.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered in the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE. BERGEN, MINTURN, KALISCH, BLACK, WILLIAMS, TAYLOR, JJ.   7.

*For reversal*—TRENCHARD, KATZENBACH, WHITE, GARDNER, HEPPENHEIMER, ACKERSON, JJ.   6.